UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 23 CV 2183 <br><br> Magistrate Judge McShain |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ellen B. appeals from the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse or remand the Commissioner's decision [13] is denied, the Commissioner's motion for summary judgment [18] is granted, and the denial of benefits is affirmed.[1]

### Background

In April 2015, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of April 17, 2015. [9-1] 15. The claim was denied initially, on reconsideration, and after a hearing with an administrative law judge (ALJ). [*Id.*] 15-28. The Appeals Council denied review in February 2019, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and in September 2021 the Court remanded the case for further administrative proceedings. [9-2] 1238-50; *Ellen B. v. Kijakazi*, No. 19 CV 2501, 2021 WL 4244751 (N.D. Ill. Sept. 17, 2021). In December 2022, after holding a second hearing, the ALJ again denied plaintiff's application. [9-2] 1141-58. The Appeals Council did not initiate review of the decision within sixty days of the decision, which made the ALJ's denial of benefits the agency's final decision. Plaintiff has again appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [9], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [8].

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful employment between the alleged onset date and her date last insured (DLI). [9-2] 1144. At step two, the ALJ determined that plaintiff had the following severe impairments: obesity, diabetes mellitus with peripheral neuropathy, and depression. [*Id.*] 1144-45. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 1145-47. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform sedentary work, except that plaintiff (1) could understand, remember, and carry out only simple instructions; (2) could sustain concentration to perform only simple tasks; (3) can make simple work-related decisions; (4) can adapt to occasional changes in a routine work setting; but (5) could not perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. [*Id.*] 1147-54. At step four, the ALJ held that plaintiff could not perform her past relevant work. [*Id.*] 1156-57. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: weight tester (15,000 jobs), jewelry preparer (20,000 jobs), and document preparer (30,000 jobs). [*Id.*] 1157-58. Accordingly, the ALJ ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ did not (1) properly account for plaintiff's moderate limitation in concentrating, persisting, or maintaining pace (CPP) and (2) address plaintiff's request for a closed period of disability. [13] 12-15.

### A.  Moderate CPP Limitation

The ALJ's RFC assessment "must incorporate all of the claimant's limitations supported by the medical record." *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir.

2

2019). As part of this assessment, the ALJ must consider–but [is] not required to adopt–the findings of state-agency psychologists." *Monday v. Comm'r of Soc. Sec.*, Case No. 4:23-CV-96-JD, 2025 WL 865146, at *4 (N.D. Ind. Mar. 20, 2025) (internal quotation marks omitted). When these psychologists assess a claimant's mental RFC, "they use a form called Mental Residual Functional Capacity Assessment, which has two relevant components: (1) a checkbox-type worksheet for the psychologist to assess the claimant's limitations and (2) a narrative section that contains a written assessment of the claimant's RFC." *Id.* (internal quotations omitted). When evaluating these opinions, "[t]he ALJ must consider whether the consultants' narrative RFC assessment adequately encapsulates and translates the checklist." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (internal quotation marks omitted).

In this case, both state agency psychologists opined that plaintiff had a moderate CPP limitation. *See* [9-1] 64-65, 81-83. The psychologist at the initial level, Dr. Low, found in the checkbox portion of his assessment that plaintiff was moderately limited in her abilities to maintain attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. [*Id.*] 64-65. In the narrative section of his report, Dr. Low stated that plaintiff "would have some difficulty completing work days due to mood variation. She can still follow at least simple directions, do simple tasks, in a routine work setting on[ ] an extended basis." [*Id.*] 65. The psychologist at the reconsideration level, Dr. Gilyot-Montgomery, agreed that plaintiff was moderately limited in her ability to maintain concentration and attention, but did not find that she was limited in her ability to complete a normal workday or workweek. [*Id.*] 82. Dr. Gilyot-Montgomery stated in the narrative section of her assessment that plaintiff was capable of simple and detailed tasks with mild complexity if she were given routine breaks. [*Id.*].

In his first decision denying benefits, the ALJ gave "significant weight" to Dr. Low's opinion because "the objective evidence support[s] the degree of limitation" reflected in his assessment. [9-1] 24. On appeal, this Court found that the ALJ had erred by trying to accommodate plaintiff's moderate CPP limitation by restricting her to work that involved simple, routine, and repetitive tasks. *See Ellen B.*, 2021 WL 4244751, at *3-4. The Court also noted that, despite giving significant weight to Dr. Low's opinion, the ALJ did not question the vocational expert (VE) whether a claimant with a moderately limited ability to complete a normal workday and workweek due to interruptions from psychologically based symptoms would be able to perform any of the jobs that the ALJ found that a claimant with plaintiff's RFC could perform. *Id.*, at *5-6. On remand, the ALJ again found that plaintiff's moderate CPP limitation could be accommodated by restricting her to work that involved simple instructions and simple tasks. [9-2] 1147. Like the first decision, the ALJ's second decision made no mention of Dr. Low's checkbox finding that plaintiff's ability

3

to complete a normal workday and workweek was moderately impaired–notwithstanding the Court's remand order based on this exact omission. *See* [*id.*] 1152-56. The only change the ALJ made to the mental RFC was to add a restriction that plaintiff "cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas." [*Id.*] 1147.

The ALJ's decision leaves much to be desired, but the Court concludes that the mental RFC determination is nevertheless supported by substantial evidence. *Cf. Warnell*, 97 F.4th at 1053 (ALJs are "subject to only the most minimal of articulation requirements"); *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) ("Rather than nitpick the ALJ's opinion for inconsistencies or contradictions, we give it a commonsensical reading.").

In holding that plaintiff's moderate CPP limitation could be accommodated by restricting plaintiff to simple work, the ALJ relied on Dr. Low's narrative explanation that "'[c]laimant would have some difficulty completing work days due to mood variation. She can still follow at least simple directions, do simple tasks, in a routine work setting on an extended basis.'" [9-2] 1156 (quoting [9-1] 65). As the Commissioner argues, *see* [19] 6-7, Dr. Low's narrative summary adequately translated his checkbox finding that plaintiff had an impaired ability to complete a normal workday and workweek without interruptions from psychologically based symptoms: even though plaintiff would experience "some difficulty" in that area, "*she can still*" perform simple work "*on an extended basis*." [9-1] 65 (emphasis added). Because the ALJ based the mental RFC determination on a narrative summary that adequately translated Dr. Low's checkbox finding, the RFC determination has a substantial basis in the evidence. *See Pavlicek*, 994 F.3d at 783; *see also Leisgang v. Kijakazi*, 72 F.4th 216, 221 (7th Cir. 2023) (affirming denial of benefits where ALJ credited agency psychologist's opinion that plaintiff "would have some difficulty . . . handling a workweek without symptoms" but "did not adopt [the doctor's] precise wording characterizing Leisgang's limitations," given that ALJ "adopted the same essential limitations proposed" by doctor and ruled that claimant "could 'perform [ ] simple work activity in a routine work setting, with some difficulty interacting with others'"). And given the ALJ's reliance on Dr. Low's narrative summary, this case is distinguishable from cases where a remand was ordered based on the ALJ's reliance on a narrative summary that did not encapsulate a checkbox finding that a claimant had the same CPP limitation as plaintiff here. *See, e.g.*, *Christine S. v. Bisignano*, No. 22-cv-6297, 2025 WL 1836085, at *4 (N.D. Ill. July 3, 2025) (remanding where ALJ credited opinions of state agency reviewers whose narrative summaries "do not adequately encapsulate and translate their checklist findings" that plaintiff was "moderately limited" in her ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms"); *Monday*, 2025 WL 865146, at *6 (remanding where "ALJ did not address the state agency psychologists' checkbox ratings regarding Ms. Monday's moderate [CPP limitations]" and "the narratives failed to encapsulate and translate the moderate checkbox findings" that

4

plaintiff was moderately limited in ability complete workday and workweek without interruptions from symptoms); *Kathy H. v. Kijakazi*, No. 1:20-cv-2721-MG-RLY, 2022 WL 855005, at *6 (S.D. Ind. Mar. 22, 2022) (remanding where agency psychologists' "checkbox limitation specifically indicated that [claimant] was moderately limited in completing a workday or workweek without psychologically based symptoms" but "the ALJ did not account for the moderate time-off-task limitations reflected in the checkbox"); *Kimberly P.N. v. Kijakazi*, No. 1:20-cv-1994-DLP-JMS, 2022 WL 22882758, at *6 (S.D. Ind. Mar. 28, 2022) (remanding where ALJ included "no limitations in the RFC that account for interruptions from psychologically based symptoms" and did not ensure that agency doctors' narrative statements "adequately encapsulate[s] and translate[d] the checklist").[3]

Finally, the Court observes that the ALJ gave "significant weight" to Dr. Gilyot-Montogmery's opinion. [9-2] 1156. Notably, Gilyot-Montgomery opined that plaintiff had no limitation in the ability to complete a workday or workweek without interruptions from psychologically based symptoms. The weight that the ALJ afforded to Dr. Gilyot-Montgomery's opinion likewise supports the ALJ's determination that, notwithstanding her moderate CPP limitation, plaintiff was capable of simple work.

### B. Closed Period of Disability

Plaintiff argues that the ALJ failed to recognize that she amended her application to seek only a closed period of benefits through September 30, 2020. [13] 12-13. Plaintiff also contends that the ALJ mistakenly believed that her DLI was December 31, 2021, when in fact it was December 31, 2022. [*Id.*] 13. Taken together, plaintiff suggests that these errors "demonstrate[ ] that the ALJ was not considering the proper time frame" and that "he was less than diligent in his review of the record." [*Id.*].

The Court rejects these arguments. First, the ALJ expressly recognized in his decision that plaintiff "requested a closed period of benefits beginning on April 17, 2015, through September 30, 2020." [9-2] 1144. Second, at least one Certified Earnings Report, from January 2022, identifies plaintiff's DLI as "12/21," *see* [*id.*] 1349, and plaintiff's counsel at the administrative level repeatedly represented to the ALJ that her DLI was June 30, 2021. *See* [*id.*] 1415, 1417. Third, even if an error had occurred, the Court does not see how plaintiff could have been prejudiced. The closed period of disability ended well before any of the claimed DLIs, and the ALJ found that plaintiff was not under a disability from April 2015 through December 2021. In reaching that conclusion, the ALJ discussed relevant evidence from the asserted

---

[3] In the prior appeal, the Commissioner did not argue that Dr. Low's narrative summary adequately translated his checkbox finding. *See* [23] 2-3, *Ellen B. v. Kijakazi*, Case No. 19 CV 2501 (N.D. Ill.). For that reason, the Court does not see any inconsistency between its first decision ordering a remand and this decision affirming the denial of benefits.

closed period. *See* [*id.*] 1152-54 (discussing evidence relating to plaintiff's depression from, *inter alia*, March 2016, August 2019, and September 2020). The ALJ's decision thus forecloses plaintiff's argument that she was entitled to a closed period of disability, and plaintiff's argument to the contrary is purely speculative. *See, e.g.*, *Bolden v. Comm'r of Soc. Sec.*, Case No. 4:13-CV689, 2015 WL 5766124, at *3 (E.D. Tex. Sept. 29, 2015) (rejecting argument that ALJ's failure to consider closed period of disability was prejudicial where ALJ considered evidence from alleged one-year closed period in finding that plaintiff was not disabled from alleged onset date through DLI); *Ellsworth v. Berryhill*, Civil Action No. 17-cv-1118-REB, 2018 WL 2268008, at *3 (D. Col. May 16, 2018) (same).

## Conclusion

Plaintiff's motion to reverse or remand the Commissioner's decision [13] is denied, the Commissioner's motion for summary judgment [18] is granted, and the denial of benefits is affirmed.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: August 5, 2025**